Lawrence W. Freiman, Esq. (SBN 288917)
lawrence@freimanlaw.com
Michael J. Freiman, Esq. (SBN 280716)
michael@freimanlaw.com
Richard D. Freiman, Esq. (SBN 108315)
richard@freimanlaw.com
Freiman Law
100 Wilshire Blvd., Ste. 700
Santa Monica, CA 90401
Telephone: (310) 917-1024
Facsimile:  (888) 835-8511

Attorneys for Plaintiff JANE NORRIS WINTON

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE NORRIS WINTON,<br><br>Plaintiff,<br><br>v.<br><br>NOVARTIS CORPORATION; ALCON LABORATORIES, INC.; and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO.: 2:17-cv-00378<br><br>**SECOND AMENDED COMPLAINT FOR:**<br><br>1. Violation of California Equal Pay Act and Fair Pay Act Amendment<br>2. Discrimination in Violation of FEHA<br>3. Failure to Prevent Discrimination in Violation of FEHA<br>4. Failure to Reimburse Business Expenses Incurred in the Course and Scope of Employment<br>5. Failure to Pay All Amounts Due Upon Separation from Employment<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff JANE NORRIS WINTON for her Complaint against Defendants NOVARTIS CORPORATION; ALCON LABORATORIES, INC.; and DOES 1 through 20, inclusive, hereby complains and alleges as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Jane Norris Winton was at all times relevant to the matters alleged in this complaint an individual with her residence in California.

2. Plaintiff is informed and believes and thereon alleges that the fictitiously-named Defendants sued herein as Does 1 through 20 inclusive, and each of them, are in some manner responsible for the occurrences, acts, and omissions alleged herein and that Plaintiff's damages were proximately caused by their conduct. The true names and capacities of such fictitiously-named Doe Defendants, whether individual, corporate, partnership, associate or otherwise, are presently unknown to Plaintiff, and Plaintiff will seek leave of the Court to amend this Complaint to assert the true names and capacities of such fictitiously-named Defendants when the same have been ascertained. For convenience, each reference to the named Defendant herein shall also refer to Does 1 through 20, inclusive.

3. Plaintiff is informed and believes and thereon alleges that in committing certain acts herein as alleged, some or all of the Defendants herein named were acting as the agents, joint ventures, partners, representatives, subsidiaries, affiliates and/or employees of some or all of the other Defendants, and that some or all of the conduct of such Defendants, as complained of herein, was within the course and scope of such relationship.

4. Pursuant to Article VI, Section 10 of the California Constitution, subject matter jurisdiction is proper in the Superior Court of California, County of Los Angeles.

5. Pursuant to Section 395 of the California Code of Civil Procedure, venue is proper in the Superior Court of California for the County of Los Angeles, because the Defendant conducted business in Los Angeles, California.

## FACTUAL BACKGROUND

6. Defendants Novartis Corporation ("Novartis") and Alcon Laboratories, Inc. ("Alcon") (collectively referred to herein as "Defendants") jointly employed Plaintiff.

7. Plaintiff had excellent performance in her sales position and had ranked #1 in Los Angeles (one of Defendants' biggest markets) for 7 years in her over decade experience with the company and ranked very highly on the national sales level as well.

8. As a result, Plaintiff was qualified for her job and performing not only competently – but exceptionally – at the time Defendants subjected her to the following adverse employment actions.

9. Defendants paid Plaintiff less compensation than similarly situated men for the same work performed by the men and paid Plaintiff less compensation than similarly situated men for substantially similar work performed by the men because Plaintiff was a woman.

10. The men were not more qualified or better performers than Plaintiff.

11. Defendants failed to promote Plaintiff because she is a woman, and instead promoted similarly situated men because they were men and who were not more qualified or better performers than Plaintiff.

12. Defendants failed to provide desirable job assignments to Plaintiff because she is a woman, and instead provided those assignments to similarly situated men because they were men and who were not more qualified or better performers than Plaintiff.

13. Defendants' actions are a part of a long and extensive pattern and practice of failing to pay many other women the same as men for the same and substantially similar work, failing to promote many other qualified women while promoting men, and failure to provide desirable job assignments to other qualified women while providing those assignments to men.

14. Defendants had notice of the aforementioned gender discrimination toward Plaintiff and many other women, and failed to take any steps to prevent further continuing violations.

15. Defendants actions constitute disparate impact and disparate treatment discrimination, and are part of a pattern and practice of discrimination.

16. Plaintiff incurred business expenses on Defendants' issued corporate credit card to Plaintiff for her use in her sales position the course and scope of her

employment. After several months following her separation from employment, Defendants failed to pay these corporate credit card expenses incurred by Plaintiff for use in her sales position in the course and scope of employment for Defendants' benefit, which has resulted in Plaintiff receiving late statements.

17. As a result, Defendants failed to pay Plaintiff all amounts due at the time of her separation from employment and failed to reimburse Plaintiff's business expenses she incurred in the course and scope of her employment for Defendants' commercial benefit.

## FIRST CAUSE OF ACTION
**(Discrimination in Violation of California Equal Pay Act and Fair Pay Act Amendment)**
**(Against All Defendants)**

18. Plaintiff re-alleges and incorporates all paragraphs of this Complaint as though fully set forth herein.

19. Defendant's actions violate California Equal Pay Act and Fair Pay Act Amendment.

20. As a proximate result of the aforesaid acts of Defendants, Plaintiff seeks all economic and non-economic damages caused by the violation.

## SECOND CAUSE OF ACTION
### (Discrimination in Violation of Fair Employment and Housing Act ("FEHA"))
### (Against All Defendants)

21. Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

22. Defendants' actions constitute gender discrimination in violation Fair Employment and Housing Act.

23. As a proximate result of the aforesaid acts of Defendants, Plaintiff seeks all economic and non-economic damages caused by the violation.

## THIRD CAUSE OF ACTION
### (Failure to Prevent Discrimination in Violation of FEHA)
### (Against All Defendants)

24. Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

25. Defendants' actions constitute failure to prevent gender discrimination in violation of FEHA.

26. As a proximate result of the aforesaid acts of Defendants, Plaintiff seeks all economic and non-economic damages caused by the violation.

## FOURTH CAUSE OF ACTION
### (Labor Code s. 2802)
### (Against All Defendants)

27. Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

28. Defendants' actions constitute failure to reimburse business expenses.

29. As a proximate result of the aforesaid acts of Defendants, Plaintiff seeks all damages and penalties.

## FIFTH CAUSE OF ACTION
### (Labor Code s. 201, 202, 203)
### (Against All Defendants)

30. Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

31. Defendants' actions constitute failure to pay all wages due upon separation from reemployment.

32. As a proximate result of the aforesaid acts of Defendants, Plaintiff seeks all damages and penalties.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For payment of earned wages, withheld earnings, and other damages according to proof in an amount to be ascertained at trial;

2. For payment of all statutory obligations and penalties as required by law;

3. For penalties, special damages, compensatory, and general damages in an amount to be proven at trial;

4. For punitive damages as allowed by law;

5. Loss of income incurred and to be incurred according to proof;

6. For reasonable attorneys' fees;

7. For costs of suit incurred herein;

8. For interest provided by law;

9. All damages and penalties pursuant to the Labor Code violations alleged herein;

10. For restitution and other equitable relief; and

11. For such other and further relief as the court deems just and proper.

Dated: April 24, 2017         By: _____/s/_____
                                  Lawrence W. Freiman, Esq.
                                  Michael J. Freiman, Esq.
                                  Richard D. Freiman, Esq.

                                  Attorneys for Plaintiff Jane Norris Winton

## **DEMAND FOR JURY TRIAL**

Plaintiff Jane Norris Winton demands a jury trial.

Dated: April 24, 2017         By: _____/s/_____
                                  Lawrence W. Freiman, Esq.
                                  Michael J. Freiman, Esq.
                                  Richard D. Freiman, Esq.

                                  Attorneys for Plaintiff Jane Norris Winton